```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF OKLAHOMA
```

ANGELA COVEY,                     )
                                  )
              Plaintiff,          )
                                  )
         v.                       )   CIV-11-390-FHS
                                  )
SYSTEM USA, LLC, a Georgia        )
limited liability company,        )
et.al.,                           )
                                  )
              Defendants.         )


## ORDER AND OPINION

Before the court for its consideration is the Defendant System Logistics Corporation's (Maine) Motion to Dismiss and Brief in Support. (Doc. 97). In the motion to dismiss, defendant seeks dismissal of the Complaint arguing this court lacks jurisdiction. Plaintiff contends she has established sufficient jurisdiction with the state for this court to exercise jurisdiction.

This product liability case arises from a hand injury sustained by Plaintiff when she was re-loading a packaging machine, alleged to have been unreasonably dangerous upon the sale, distribution, and installation at Dal-Tile. Plaintiff has alleged that while performing her duties and replacing large rolls of shrink wrap on the packaging machine at issue, suddenly and without warning, the heat welding clamped down upon Plaintiff's right hand, trapping her in the machine. Plaintiff sustained serious injury to her right hand. Plaintiff has named 22 separate Defendant entities. Plaintiff has plead a cause of action for strict product liability, negligence or gross

1

negligence and breach of warranty.

Defendant has moved pursuant to Federal Rule of Civil Procedure 12 (b)(6) to dismiss this case against it for lack of personal jurisdiction. Before ruling on the merits of the motion, the court must decide if the defendant has waived its Fed. R. Civ. P. 12 (b)(2) defense. Plaintiff argues Defendant has waived its Fed. R. Civ. P. 12 (b)(2) defenses because its first request for an extension of time to file a responsive pleading was filed well beyond the twenty-one (21) days afforded by the Federal Rules of Civil Procedure. Plaintiff relies on Fed. R. Civ. P. 12 (h) for this argument. Fed. R. Civ. P. 12 (h) contains no statement that 12 (b) defenses are waived merely because a pleading is filed at a certain time after this court had granted leave to file. Thus, the court finds no merit to this argument.

Defendant contends this court lacks personal jurisdiction over it. Plaintiff bears the burden of proving this court has personal jurisdiction over defendant. AST Sports Science, Inc. v. CLF Dist. Ltd., 514 F.3d 1054, 1056 (10th Cir. 2008). It appears undisputed by the parties this court does not have general jurisdiction over this defendant. Therefore, the only possible basis for jurisdiction in this case would be specific jurisdiction. In order for a court to assert specific jurisdiction the defendant must have "purposefully directed" activities toward the forum state, and the controversy must have arisen out of those contacts. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).

As to this defendant, the First Amended Complaint merely alleges "At all times material hereto, Defendant System Logistics

Corporation (hereinafter "SLC 1"), is and was, a Maine Corporation with its principal place of business located at 90 Alfred Plourde Parkway, Lewiston, Maine 04241. SLC 1 distributes and sells the defective product at issue in this action, the RS 42/8, throughout the United States and in the state of Oklahoma." Plaintiff then proceeds to lump all "systems" defendants together throughout the remainder of the First Amended Complaint. Plaintiff alleges that "systems" sold the machines and helped to install the machines.

The court finds it cannot assert personal jurisdiction over this defendant because Plaintiff has wholly failed to bring forth sufficient facts.  First, defendant contends it does not sell, distribute, or install packaging shrink wrap machines such as the machine at issue in this case. Plaintiff submitted no evidence to counter this argument.  Second, Plaintiff completely fails in the First Amended Complaint to set forth the contacts with this state which show this defendant "purposefully directed" business activities to the State of Oklahoma.  Plaintiff lumps all "systems" defendants together, failing to provide specific facts as to each individual defendant. Plaintiff has failed to meet her burden of establishing personal jurisdiction over this defendant. <u>AST Sports Science, Inc</u>. at 1056.  Accordingly, the court grants the Defendant System Logistics Corporation's (Maine) Motion To Dismiss (Doc. 97).

**IT IS SO ORDERED** this 24th day of October, 2012.

Frank H. Seay
United States District Judge