# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

ANGELA COVEY,                           )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )   CIV-11-390-FHS
                                        )
SYSTEM USA, LLC, a Georgia              )
limited liability company,              )
et.al.,                                 )
                                        )
            Defendants.                 )

### ORDER AND OPINION

Before the court for its consideration is the Defendants System S.p.A. and System Logistics S.P.A.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 127). In the motion to dismiss, defendant seeks dismissal of the First Amended Complaint arguing this court lacks personal jurisdiction. Plaintiff contends she has established sufficient jurisdiction with the state for this court to exercise jurisdiction.

This product liability case arises from a hand injury sustained by Plaintiff when she was re-loading a packaging machine, alleged to have been unreasonably dangerous upon the sale, distribution, and installation at Dal-Tile. Plaintiff has alleged that while performing her duties and replacing large rolls of shrink wrap on the packaging machine at issue, suddenly and without warning, the heat welding clamped down upon Plaintiff's right hand, trapping her in the machine. Plaintiff sustained serious injury to her right hand. Plaintiff has named 22 separate Defendant entities. Plaintiff has plead a cause of action for strict product liability, negligence or gross

1

negligence and breach of warranty.

Defendant has moved pursuant to Federal Rule of Civil Procedure 12 (b)(6) to dismiss this case against it for lack of personal jurisdiction. Plaintiff bears the burden of proving this court has personal jurisdiction over defendant. AST Sports Science, Inc. v. CLF Dist. Ltd., 514 F.3d 1054, 1056 (10th Cir. 2008). However, in the early stages of litigation, the plaintiff's burden is light. Id. "Where a district court considers a pre-trial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." Id. at 1056-57. Plaintiff may make this showing by written materials. Id.

It appears undisputed by the parties this court does not have general jurisdiction over this defendant. Therefore, the only possible basis for jurisdiction in this case would be specific jurisdiction. In order for a court to assert specific jurisdiction the defendant must have "purposefully directed" activities toward the forum state, and the controversy must have arisen out of those contacts. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). Plaintiff has submitted to this court for its consideration a signed contractual agreement between Defendant System S.p.A. and the Dal-Tile Oklahoma facility. The contract establishes this defendant designed the machine at issue to comply with the individual specification needs of the facility, sold the machine to the facility, provided on-going technical assistance to the facility, arranged for delivery of the machine to the facility, provided technical supervision at the assembly and commissioning of the facility and sent employees to Muskogee to install the machine at the facility. System

S.p.A. further warranted the machine for 18 months.  Defendant System S.p.A. placed the product into the stream of commerce and availed itself of the privilege of doing business in the state of Oklahoma.  Defendant clearly directed its business activities to the state of Oklahoma, such that the exercise of personal jurisdiction will not offend traditional notions of fair play and substantial justice.  <u>Shrader v. Biddinger</u>, 633 F.3d 1235, 1240 (10th Cir. 2011).  Accordingly, the court denies the Motion to Dismiss for Lack of Personal Jurisdiction as to the defendant System S.p.A.

As to the defendant System Logistics S.P.A., plaintiff has failed to meet her burden of establishing that it has "purposefully directed" activities towards the state of Oklahoma. There are absolutely no facts which show this defendant conducted business in this state.  Accordingly, the court grants the Motion to Dismiss for lack of Personal Jurisdiction as to the defendant System Logistics S.P.A.

**IT IS SO ORDERED** this 24th day of October, 2012.

Frank H. Seay
United States District Judge