IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA

ANGELA COVEY,                      )
                                   )
               Plaintiff,          )
                                   )
          v.                       )    CIV-11-390-FHS
                                   )
SYSTEM USA, LLC, a Georgia         )
limited liability company,         )
et.al.,                            )
                                   )
               Defendants.         )


                       **ORDER AND OPINION**


     Before the court for its consideration is the Defendant
System USA, LLC's Motion to renew Motion for Summary Judgment and
Brief in Support (Doc. 238).  In this motion, the defendant
renews its request for summary judgment on plaintiff's claims.
Defendant argues that it cannot be held liable on plaintiff's
claims because it was not in existence during the relevant time
frame. Plaintiff alleges the System Group of companies provided
the same or similar services in the United States prior to the
formal filing of the System USA entity. Thus, since it was
providing services to customers it can be held liable. The court
rules as follows on the motion.

     This product liability case arises from a hand injury
sustained by plaintiff when she was re-loading a Packaging
Machine, alleged to have been unreasonably dangerous upon the
sale, distribution, and installation at Dal-Tile.  Plaintiff has
alleged that while performing her duties and replacing large
rolls of shrink wrap on the packaging machine at issue-suddenly
and without warning-the heat welding component clamped down on

                                1

plaintiff's right hand, trapping her in the machine.  Plaintiff sustained serious injury to her right hand.

First, it should be noted that plaintiff has once again argued this motion for summary judgment is premature and she needs additional time to conduct discovery on the issues presented in the motion.  Plaintiff requests this court to either deny the motion on the merits or deny it pursuant to Federal Rule of Civil Procedure 56 (d). On March 4, 2014, this court denied the defendant's first motion for summary judgment on this same issue pursuant to Federal Rule of Civil Procedure 56 (d).  In the order it was stated that plaintiff had presented sufficient facts that she needed additional time to conduct discovery to refute factual issues raised in the motion. The court has given plaintiff sufficient time to conduct additional discovery on the precise issues being argued in this motion.  Further, the dispositive motion deadline has now passed. The court sees no need for additional time for discovery on these exact same issues. Accordingly, the court denies plaintiff's request to deny the Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 (d).

The court finds the facts as follows. System USA, LLC is a domestic Limited Liability Company and was organized under the laws of the state of Georgia on June 28, 2006. Its principal place of business is, and has been since 2006, Georgia.  The installation of the subject machine was approximately November 2005. Further, the Contract for Sale was between Dal-Tile and Defendant System S.p.A.  Plaintiff sustained her injury on August 15, 2010.

In her First Amended Complaint, plaintiff has plead a cause

of action for strict product liability, negligence or gross negligence and breach of warranty. Plaintiff alleges that defendant System USA is in the business of designing, manufacturing, marketing, selling, distributing, installing, servicing, maintaining and providing parts for various manufacturing equipment including the machine at issue in this lawsuit. Plaintiff has produced no evidence indicating that defendant System USA was in any way involved in the design, manufacture or servicing of the machine at issue. The undisputed facts reveal that System USA was not a legally existing company at the time of the purchase. However, plaintiff alleges that it was providing parts and technical services to Dal-Tile as part of the Systems Group before it was a legal entity. As a result of this contact, defendant System USA can be held liable. The only support for this claim is testimony from Dal-Tile's maintenance manager, Berre Zemene Yayine who testified that representatives from System USA came to the plant but he was not sure if it was for a vendor visits or for technical assistance. He also testified he did order parts from System USA but did not know whether he had ever ordered parts from defendant System USA for that particular machine. Plaintiff also asserts the contract for sale of the machine was signed by Cristian Cavazzuti who is the General Manager for System USA. However, Mr. Cavazzuti signed it on behalf of System Spa not System USA. The court finds this insufficient factual evidence to assert liability against this defendant for the injury in question. Plaintiff simply has insufficient evidence to establish that defendant System USA was connected to this particular machine in any way. Federal Rule of Civil Procedure 56 (c)(1) provides:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the

> record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Plaintiff's conclusory allegations of defendant System USA's possible connection to this machine do not create an issue of fact and are simply insufficient to overcome a motion for summary judgment. <u>Harvey Barnett, Inc. v. Shidler</u>, 338 F.3d 1125, 1136 (10th Cir. 2003). Accordingly, defendant's System USA's Motion for Summary Judgment is hereby **GRANTED**.

**IT IS SO ORDERED** this 1st day of July, 2014.

*Frank H. Seay*
United States District Judge
Eastern District of Oklahoma