# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Angela Covey,<br>　　　Plaintiff,<br><br>v.<br><br>System S.p.A., et al.,<br>　　　Defendants. | Case No. 11-CIV-390-RAW |

## ORDER

Before the court is the Motion to Extend Scheduling Order Dates [Docket No. 262] and the Motion to Bifurcate Liability Issues from Damages Issues [Docket No. 264]. This case was originally filed on October 31, 2011, almost three years ago, regarding an accident which occurred on August 15, 2010. Plaintiff is also still pursuing her claim for benefits in the Oklahoma Workers Compensation Court. An Amended Complaint was filed on January 16, 2012 [Docket No. 21]. A Scheduling Order was entered on March 6, 2013 [Docket No. 177]. An Amended Scheduling Order was entered on December 3, 2013, setting the matter on the court's September 3, 2014 trial docket [Docket No. 212]. On July 14, 2014, the case was randomly reassigned to this court and all <u>pending</u> deadlines and hearings were stricken to be reset at a later date [Docket No. 265].

### Motion to Extend Scheduling Order Dates

Prior to the case being reassigned, Plaintiff requested the court extend the current scheduling order by one hundred twenty (120) days. Defendant System objects to the requested extension.

Plaintiff was released from treatment on or about April 17, 2014. The current Amended

Scheduling Order [Docket No. 212] provided a discovery cutoff of July 7, 2014. In spite of the then-looming discovery deadline, Plaintiff states that they had been consulting experts to conduct evaluations of Plaintiff's post-treatment vocational opportunities, rehabilitation and damages. The motion indicates that Defendant System requested various depositions on June 3, 2014, and that those depositions have not occurred as of the date of the filing of the instant motion.

The court has considered the factors in Magraff v. Lowes HIW, Inc., 217 Fed.Appx. 759 (10th Cir. 2007), as to whether a party has demonstrated excusable neglect justifying an extension of time:

> (i) the danger of prejudice to the non-movant;
> (ii) the length of the delay and its potential impact on judicial proceedings;
> (iii) the reason for the delay, including whether it was in the reasonable control of the movant; and
> (iv) whether the movant acted in good faith.

Id. at 761. Under these factors, the court does not believe Plaintiff has shown good cause for an additional extension of four months. This matter was filed two years and nine months ago. The court has set multiple schedules in this matter, yet none of the deadlines appear to have been met. Due to the random reassignment of the case, however, an extension has essentially been provided. The court concurs with Defendant System that this action can and should be adjudicated without additional delay. If Plaintiff requires further medical treatment and will incur future medical expenses, those issues can be adequately addressed through expert testimony.

Defendant System indicates their counsel is facing three scheduling conflicts if Plaintiff's request for a 120 day extension is granted. Such an extension would place the matter on the

court's January 2015 trial docket. One of defense counsel's conflicts is a trial currently set in Cleveland County District Court on the October 27, 2014 trial docket. Counsel states that they would be diligently preparing for and conducting that state court trial during the month of October, preventing any substantial preparation in the instant matter during that time frame.[1] Another potential conflict is the end of the year holidays which could be expensive and difficult for Defendants to travel to the United States. The third conflict is a vacation planned by defense counsel from December 27, 2014 through January 11, 2014. The court has taken these matters into consideration in setting a new schedule.

The Motion to Extend Scheduling Order Dates [Docket No. 262] is granted in part and denied in part. The court sets the matter on the **December 2, 2014** trial docket. An Amended Scheduling Order will be entered concurrent with this Order.

## Motion to Bifurcate

Also before the court is Defendant System's Renewed Motion to Bifurcate Issues of Liability from Issues of Damages [Docket No. 264]. A ruling on this issue was previously entered by Magistrate Judge Kimberly E. West on December 4, 2013 [Docket No. 214]. Defendant refiled the instant motion on July 8, 2014 after Plaintiff filed her most recent motion to extend the scheduling order dates.

A court may order a separate trial of one or more separate issues or claims "for convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). District

---

[1] The court has considered that counsel will be preparing for the Cleveland County trial during the month of October. If that trial remains as currently scheduled, counsel may have to delegate upcoming discovery matters in this case to other counsel of record.

courts have broad discretion in deciding whether to sever issues for trial. United States v. ConAgra, Inc., 624 F.3d 1275, 1283 (10th Cir. 2010); Easton v. City of Boulder, Colorado, 776 F.2d 1441, 1447 (10th Cir. 1985).

This court acknowledges the previous ruling set forth by the Magistrate Judge stating that the motion does not meet the requirements of Rule 42(b). This court is not inclined to conduct multiple trials with multiple juries. The court believes that the jury will receive adequate instructions as to the issues of damages and liability. Still, this issue may be revisited at the Pretrial Conference. Defendant System's Renewed Motion to Bifurcate Issues of Liability from Issues of Damages [Docket No. 264] is DENIED without prejudice.

**Conclusion**

It is therefore ordered:

1. The Motion to Extend Scheduling Order Dates [Docket No. 262] is granted in part and denied in part. The court sets the matter on the **December 2, 2014** trial docket. An Amended Scheduling Order will be entered concurrent with this Order.

2. Defendant System's Renewed Motion to Bifurcate Issues of Liability from Issues of Damages [Docket No. 264] is DENIED without prejudice.

Dated this 13th day of August, 2014.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA