# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

ANGELA COVEY,

    Plaintiff,

v.

SYSTEM S.P.A., et al.,

    Defendants.

Case No. CIV-11-390-RAW

## ORDER

Before the court is Plaintiff's motion to for default judgment against Defendants Meccanica Moderna 1, S.R.I. and Meccanica Moderna 2, S.R.I. (hereinafter collectively "Meccanica Defendants") [Docket No. 339]. The Meccanica Defendants were served on April 10, 2012.[1] Counsel entered an appearance on behalf of the Meccanica Defendants on May 15, 2012.[2] The Meccanica Defendants have not provided any discovery responses[3] to Plaintiff or filed any responsive pleadings in this action.

On November 19, 2014, Plaintiff moved for entry of default by the Clerk of Court. The Meccanica Defendants did not respond. On December 5, 2014, the Clerk of Court entered default against the Meccanica Defendants. Nearly three years have passed, and the Meccanica Defendants have been wholly unresponsive. Pursuant to Fed. R. Civ. P. 55(b), default judgment

---

[1] The executed summons was filed on May 10, 2012.

[2] On June 8, 2012, counsel moved to withdraw as counsel of record. On June 11, 2012, the court entered a Minute Order denying the motion to withdraw and stating that it would be granted upon the filing of an entry of appearance by new counsel. No such filing was ever made.

[3] On October 21, 2014, following a telephonic hearing, the court entered an Order granting Plaintiff's motion to compel and ordering the Meccanica Defendants to provide their discovery responses no later than October 24, 2014.

is appropriate. Accordingly, Plaintiff's motion for default judgment is hereby granted.

Relying entirely upon her own affidavit, Plaintiff requests damages in the amount of $6,064,970.[4] Plaintiff's affidavit alone is not sufficient factual support for the award of damages she seeks. "[A] court may not enter a default judgment without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." Niemi v. Lasshofer, 770 F.3d 1331, 1352 (10th Cir. 2014) (citing Venable v. Haislip, 721 F.2d 297, 300 (10th Cir. 1983)). Plaintiff's claim for damages does not appear to fall into either category.

Plaintiff shall submit additional evidence to the court regarding damages no later than February 11, 2015. Once the court has the supplemental evidence, it will enter an order awarding damages if the damages fall into one of the categories mentioned above.[5] Otherwise, the court will set it for hearing to determine damages.

The motion for default judgment [Docket No. 339] is GRANTED. The court reserves its ruling as to damages pending further evidence.

IT IS SO ORDERED this 28th day of January, 2015.

_____
**HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**

---

[4] Plaintiff includes: (1) $2,000,000 for physical and mental pain and suffering; (2) $1,000,000 for lifetime disfigurement; (3) $1,500,000 for physical impairment; (4) $814,970 for loss of earnings; and (5) $750,000 for reasonable expense of necessary medical care, treatment, and services.

[5] Plaintiff may also submit a brief argument as to why her claim for damages falls into one of these two categories.